UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE ) | |
| ) | |
| FOUNTAINHEAD GLOBAL TRUST, ) | Case No. 604-69908-fra7 |
| ) | |
| Debtor. ) | MEMORANDUM OPINION |

This case involves an involuntary petition for relief. 11 U.S.C. § 303. Because the petitioning creditors do not hold claims that allow them to petition for involuntary relief, the petition must be dismissed.

I. FACTS

Fountainhead Global Trust (hereinafter "FGT") is a business trust created in California in 1995 by National Trust Services (itself a trust). Its current trustee is Karla Prescott. Its principal business appears to have been the acquisition of significant sums of money – in one case over $800,000 – from private parties who were persuaded that the accounts so created would yield returns of 50% per annum.

MEMORANDUM OPINION - 1

Each of the petitioning creditors is a private trust created under the tutelage of National Trust Services. In 1998 and 1999, they transferred to FGT monies exceeding $580,000. During its active operation, FGT may have collected over $10,000,000 from such investors.

A few of the investors received some returns over the active lifetime of the enterprise. This did not last long: in October 1999 FGT announced that "Recent actions by Roy Fritts [one of the founders]... have caused the accounts to be frozen, thereby creating a temporary delay in normally scheduled disbursements and special requests planned for early fourth quarter, 1999." It was not disclosed just what Mr. Fritts did, but no money was ever paid out to any investor after that. One of the petitioning creditors was named to a committee of investors created to find out what went wrong. He testified that a considerable amount of the money transferred to FGT was, in turn, given over to a massive pyramid scheme called "Cash for Titles." This enterprise wound up in the hands of a receiver appointed by a federal district court in Illinois after an action was commenced by federal regulators. FGT's investors have been recognized as victims in the Cash for Titles case, and expect to receive about 13 cents on the dollar from the receiver for timely filed claims.

FGT has only one (disclosed) asset: a 1000-acre ranch in Josephone County, Oregon known as the Deer Creek Ranch. On April

MEMORANDUM OPINION - 2

Case 04-69908-fra7    Doc 58    Filed 07/01/05

1, 2005 (some months after the petition for relief was filed, but before effective service was made), FGT contracted to sell the Ranch for $2.5 million.  The sale has not closed, but, for some reason, the sellers released $200,000 in earnest money, which FGT used to pay current accounts, such as utility bills and payroll.

## II. ISSUES

Bankruptcy Code § 303 provides for commencement of a bankruptcy case against the wishes of a debtor:

> (a) An involuntary case may be commenced only under chapter 7 or 11 of this title, and only against a person...that may be a debtor under the chapter under which such case is commenced.
>
> (b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title –
>
>> (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability *or the subject of a bona fide dispute*,... if such claims aggregate at least $12,300 more than the value of any lien...[emphasis added].

In other words, the Court must find that the petition was signed by three or more holders of unsecured claims which amount to over $12,300, and which are not subject to any bona fide dispute.  If the petition satisfies this requirement, and the petition is opposed, relief may be entered upon a finding that the alleged debtor is generally not paying its debts as they come due, or that a custodian has been appointed to take possession of the debtor's assets.  Code § 303(h).

MEMORANDUM OPINION - 3

FGT filed an answer in opposition to the petition raising several defenses, including:

- FGT is not eligible to be a debtor;

- The petitioners are not creditors of FGT;

- All of the petitioners' claims are subject to bona fide disputes; and

- FGT is generally paying its debts as they come due.

FGT conceded at trial that it is a business trust and eligible to be a debtor under chapter 7. There was evidence at trial strongly suggesting that it is not paying its debts - clearly it is not paying investors such as the petitioners. What is disputed is the nature of the parties' legal relationship:

- Petitioners claim a right to payment as a matter of contract; they paid their money to FGT, which promised to return it on demand, and to pay 50% interest per annum on the principal. The promises have not been kept. FGT flatly denies any obligation to repay the money, which it characterizes as an "investment" which was "at risk." [1]

- FGT asserts that the applicable statute of limitations is set by California law, that the limitation period has run, and that the claims are unenforceable. Petitioners' position is

---

[1] FGT's trustee testified that her intention, if the case is dismissed, is to liquidate the remaining assets, keep a portion for herself, and then "do the right thing" by the investors. She did not say what that means, denied any obligation to pay anyone anything, and doggedly insisted that FGT would not waive any defenses to claims.

MEMORANDUM OPINION - 4

that the time has not run, and that, moreover, the applicable period is determined under Oregon Law, which has yet to run in any case. Each side argues different facts bearing on which state, California or Oregon, has the most significant contacts in this case. In bankruptcy cases, federal choice of law rules apply. <u>Lindsay v. Beneficial Reinsurance Co. (In re Lindsay)</u>, 59 F.3d 942, 948 (9th Cir. 1995). Federal choice of law rules follow the approach of the Restatement (Second) of Conflict of Laws, which requires a review of "significant contacts" between states. *See* <u>In re Vortex Fishing Systems, Inc.</u> 277 F.3d 1057, 1069 (9th Cir. 2001).

Thus, conflict exists on three levels: whether there is a claim at all, whether the claim is subject to a limitations defense, and the choice of which state's law must be applied in determining the limitations period.

### III. ANALYSIS

The undisputed claims requirement of the Bankruptcy Code is not jurisdictional. Rather, it goes to the merits - an element that must be established to sustain an involuntary proceeding. <u>In re Rubin</u>, 769 F.2d 611, 615 (9th Cir. 1985). Petitioning creditors cannot prevail unless they show that their claims are not subject to bona fide disputes. *Id.*

In determining the existence of a bona fide dispute, the bankruptcy court must determine whether "there is either a

MEMORANDUM OPINION - 5

genuine issue of a material fact that bears upon the debtor's liability, or a meritorious contention as to the application of law to undisputed facts...." Vortex at 1064 (citing In re Lough, 57 B.R. 933, 996-97 (Bankr. E.D. Mich 1986)). *See also* In re Busick, 831 F.2d 745 (7th Cir. 1987). The Court is not called upon to determine the likely outcome of any controversy: instead, the court simply determines whether there are facts giving rise to a legitimate legal dispute. Vortex at 1064.

In Vortex, as here, there were disputes between the petitioning creditors and the alleged debtor on the merits of the creditors' claims, whether the claim was subject to a limitations defense, and which of two states' statutes of limitation was to be applied. The Vortex court held that the limitations dispute was, by itself, sufficient to support the trial court's finding that there was a bone fide dispute as to liability, and I am compelled to make the same finding here. While FGT's claim to be free of any liability in the first instance is dubious, there can be no doubt that the limitations defense gives rise to a bona fide dispute. In order to determine the outcome, a court will be required to determine, at the very least, the nature of the claims (tort, contract, accounting, securities violations?[2]);

---

[2] The Petitioning Creditors do not present a clear theory of liability, much less an array of alternatives. It is not the Court's duty to ferret out a theory supporting liability, nor may the court presume liability in the absence of evidence.

MEMORANDUM OPINION - 6

when and how the claim may have accrued, and whether it is tolled; and whether the most substantial contacts are in California or Oregon.[3] This cannot be done on this record, and should not be attempted by this court. The exclusion of holders of disputed claims from initiating involuntary cases is consistent with the overall structure of the Bankruptcy Code. The primary function of the bankruptcy court is to oversee liquidation or reorganization under Title 11; the adjudication of particular disputes is an adjunct, and not a primary function.

Petitioners argue that the statute of limitations defense has been waived. The argument itself simply adds another layer to the dispute, without resolving it. For example, there was testimony at trial suggesting that the issue had been raised in earlier proceedings in this and other courts. Moreover, it is not clear that an answer to an involuntary petition must spell out the particulars of the bona fide dispute defense. The defense is not the limitation period, but the existence of a dispute; the latter was clearly alleged in the answer.

The court's determination in this case is limited to the existence of a bona fide dispute as to each claim. Having found such disputes exist, the court goes no further, and makes no

---

[3] For example, if the claims sound in contract, California's four-year statute of limitations (Cal. Code Civ. Proc. § 337) may be a valid defense to the claims, while Oregon's six-year statute of limitations (ORS 12.080) would not.

MEMORANDUM OPINION - 7

finding whatsoever as to the merits or likely outcome of any claim or defense.

## IV. CONCLUSION

This opinion constitutes the Courts' findings of fact and conclusions of law. The petitioning creditors have not sustained their burden of proving that they hold claims which are not subject to bona fide dispute. The petition must, therefore, be dismissed. Dismissal of the case, and dissolution of any stay or injunction, will be effective immediately upon entry of an order. The court shall retain jurisdiction thereafter for the limited purpose of determining the alleged Debtor's claim for attorneys' fees. An order to that effect will be entered contemporaneously with this opinion.

FRANK R. ALLEY, III
Bankruptcy Judge

cc: Boyd, McCauley, Geiger, Carusone