UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

IN RE                           )
                                )
FOUNTAINHEAD GLOBAL TRUST,      )    Case No. 604-69908-fra7
                                )
          Alleged Debtor.       )    MEMORANDUM OPINION

Petitioning creditors object to the alleged Debtor's application for an award of attorneys fees following dismissal of their involuntary petition for relief.[1]  For the reasons set forth in this opinion, the objections to the Debtor's application

---

[1] Code § 303(i): If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—

   (1) against the petitioners and in favor of the debtor for—
       (A) costs; or
       (B) a reasonable attorney's fee; or
   (2) against any petitioner that filed the petition in bad faith, for—
       (A) any damages proximately caused by such filing; or
       (B) punitive damages.

MEMORANDUM OPINION - 1

will be denied and Debtor will be awarded attorneys fees in the sum of $15,657.

## I. BACKGROUND

The case was commenced by way of an involuntary petition filed on December 22, 2004. The petition was not the creditors' first attempt: an earlier involuntary petition was filed and dismissed after trial in 2004. In addition, the Debtor successfully defended an attempt by the trustee in a related case to take control of its assets by way a motion to substantively consolidate the estates of the Debtor and the debtor in the other case.

The initial service was quashed because the summons was served without a copy of the Petition itself. Adequate service was finally accomplished in April. Trial on the petition was convened on June 14. The Court thereafter issued a written opinion stating its finding that the petitioning creditors did not qualify under §303 because each of their claims was subject to a bona fide dispute. *See* §303(b)(1).

There was considerable activity involving the petition and the trial, falling roughly into three categories: management of legal issues related to the bankruptcy, but not defense of the petition itself; attempts to resolve the parties' dispute short of trial; and defense of the matter on the merits.

MEMORANDUM OPINION - 2

In the first category, counsel for the alleged Debtor rendered advice and services in connection with, among other things: the contemplated sale of real property owned by the Debtor, efforts to negotiate with (and eventually sue) the Internal Revenue Service respecting federal tax liens on the subject property, and defense of a motion for relief from the automatic stay filed by a secured creditor.

The second category involves efforts to persuade the petitioning creditors to change their minds. This involved direct discussion between the alleged Debtor's trustee and a Mr. Turner, one of the petitioning creditors. Eventually, Debtor's attorney was brought into the discussions. He obtained consent to speak with Mr. Turner from Mr. Turner's personal attorney – however, the attorney of record for the petitioning creditors was not consulted by Debtor's counsel, nor, evidently, by Mr. Turner.

At his client's direction, Debtor's counsel prepared a document for the signature of each of the petitioning creditors which would withdraw the creditor's petition in this proceeding. These were to be presented to the petitioning creditors by the Debtor's trustee as part of her efforts to persuade them to relent. Although he knew the documents were intended for presentation to the petitioning creditors, Debtor's counsel did not advise counsel for the creditors that the documents had been prepared, and were to be circulated to his clients.

MEMORANDUM OPINION - 3

The case was not settled, and went to trial. Debtor prevailed, and now seeks payment of its legal fees. The services for which fees are claimed include defense of the petition, and the activities described above. The petitioning creditors object to payment for services not directly related to the defense of the petition. In addition, they ask that the application for fees be denied because Debtor's counsel's contact with petitioning creditors was in violation of disciplinary rules governing the conduct of Oregon attorneys.

## II. ISSUES

The issues presented are:

1. Do the circumstances of the case support an award of attorneys fees under §303(i)?

2. Is the amount claimed appropriate?

3. Should the fees be limited to defense of the petition? Conversely, may the fees awarded include fees for services related to other aspects of the bankruptcy case?

4. Was Debtor's counsel's contact with petitioning creditors inappropriate? If so, should fees be denied, or reduced, because of it?

5. Should fees be denied because of the Debtor's conduct?

## III. DISCUSSION

The plain language of Code §303 provides that, if the petition is dismissed for any reason other than on the

MEMORANDUM OPINION - 4

petitioning creditors' and the debtor's consent, the court "may" award reasonable attorneys' fees. The court, in other words, must exercise its discretion in determining whether, and in what amount, fees should be allowed. Higgins, et al . v. Vortex Fishing Systems, Inc., (In re Vortex Fishing Systems, Inc.)(Vortex II) 379 F.3d 701, 707 (9th Cir. 2004).

In Vortex II, the Court of Appeals for the Ninth Circuit held that the trial court should consider the totality of the circumstances in determining whether fees should be awarded. The Court states that a finding of bad faith on the part of the petitioners is not a prerequisite, pointing to the fact that the statute itself provides for enhanced penalties where bad faith is present. (No claim to that effect is made in this case.) The Court of Appeals notes, however, that adoption of the totality of the circumstances test does not alter the premise that the petitioner in an unsuccessful involuntary case should expect to be liable for debtor's legal fees. Vortex II, 379 F.3d at 707. Code §303(i) gives rise to a rebuttable presumption that reasonable fees and costs are authorized; once the alleged debtor demonstrates that the fees requested are reasonable, the burden shifts to the petitioning creditors to establish a totality of circumstances justifying disallowance of fees. *Id.*

/ / / / /

/ / / / /

MEMORANDUM OPINION - 5

1.  <u>The fees claimed are reasonable</u>

Generally, fees should be allowed based on the hourly rate charged by debtor's attorneys and the amount of time spent on various matters, not unreasonable in light of local standards, the issues presented, or the complexity of the tasks.

Creditors argue that counsel's activities not directly related to defense of the petition, such as advice regarding management of the debtor's assets in light of the petition, cannot be allowed. The court disagrees. Filing an involuntary petition implicates many aspect of the Code, such as the automatic stay imposed by §362 and, if the court so orders, the restriction on the use of property under §363. In addition, of course, the debtor must be prepared for what lies in store if the petition is allowed. It would be unreasonable to hold that fees allowable under §303(i) cannot include charges for all legal services reasonably required as a consequence of the petition.

Petitioners object in particular to three activities of Debtor's counsel: coordination with Debtor's other attorneys who were seeking to remove a federal tax lien from property owned by the Debtor; arrangements for the sale of the property; and communications with petitioning creditors, including direct discussions with Mr. Turner. The first two are clearly compensable. An entity subjected to an involuntary petition may expect counsel to participate in a wide array of legal responses,

MEMORANDUM OPINION - 6

and the petitioning creditors should not complain if payment for such services is demanded.  Attorneys fees awardable under these circumstances are not "damages" for actual injury, and it is not necessary to prove that the expenditures were necessary to prevent injury.  It is sufficient if it appears that the activities of counsel were related to a prudent response to the circumstances created by the petition, including efforts to liquidate assets to mollify claimants.[2]

Likewise, it is to be expected that someone subject to an involuntary petition will be interested in communicating with creditors (petitioning or otherwise) in an effort to reach a settlement.  It is equally to be expected that counsel will advise the debtor on such matters.  It cannot be said that Congress intended to discourage settlement discussions by denying compensation to attorneys advising clients engaged in such efforts.  This is not to say that counsel should not be mindful of ethical responsibilities.  Attorneys are not permitted to initiate or suffer communications with parties represented by others in the matter at hand, unless the other attorney consents. *See* Oregon Rules of Professional Conduct 4.2.  In this case, Mr. Turner's personal attorney in Lane County advised counsel for the Debtor that he consented to direct discussions with Mr. Turner.

---

[2]It follows that attorneys fees for incidental but necessary legal expenses are not limited to cases in which the petitioning creditors have acted in bad faith, §303(i)(2).

MEMORANDUM OPINION - 7

It may have been preferable if the petitioning creditors' attorney of record had been consulted as well, if not for the client's protection, then for the sake of greater professionalism and avoidance of misunderstanding as discussions progressed. Likewise, preparation of documents for circulation by one's client to other represented parties ought not take place without notice to (if not consent from) opposing counsel. The Court does not, however, find that the professional lapses in this case justify reduction, much less denial, of attorneys fees. This is particularly so with respect to Mr. Turner, who agreed to direct discussions with Debtor's attorney after consulting with his own. If the creditors' attorney of record was left in the dark, the responsibility is as much his as the Debtor's counsel's.

Creditors maintain that Debtor's attorney's conduct violated the Oregon State Bar's Code of Professional Responsibility, and that this court is duty bound to enforce the code by denying fees as a sanction. The Oregon Supreme Court has held that attorney discipline in Oregon is the province of the Oregon State Bar and the Supreme Court itself, and not the trial courts. *See* <u>Brown v. Oregon State Bar</u>, 293 Or. 446, 648 P.2d 1289 (1982). This court agrees with the general proposition that conduct which plainly violates ethical standards should not be compensated; however, the record here does not establish that a violation took place. However, in light of the rule in <u>Brown</u>, it should be understood

MEMORANDUM OPINION - 8

that this opinion is not to be construed as making any finding respecting compliance or noncompliance with the Bar's disciplinary rules.

    2. <u>Fees should not be disallowed</u>

Conceding that the totality of the circumstances test "can be somewhat amorphous," the <u>Vortex II</u> Court sets out four non-exclusive criteria to consider:

> (1) the merits of the involuntary petition; (2) the role of any improper conduct on the part of the alleged debtor; (3) the reasonableness of the actions taken by the petitioning creditors; and (4) the motivation and objectives behind the filing of the petition.

<u>Vortex II</u>, 379 F.3d at 707(Internal citations and quotation marks omitted.) The opinion also suggests that the good faith of the petitioners may be taken into account. *Id.* at 708. While the bankruptcy court may consider other relevant facts in exercising its discretion, the list is "definitive in most cases." *Id*.

The <u>Vortex II</u> criteria look to not only the merits of the case, but also the conduct and motivations of the contending parties. The question is: does the misconduct of the alleged debtor so outweigh the errors of the petitioners in conducting the case? If so, is any imbalance in the creditors' favor sufficient, or is more required to overcome the presumption that fees should be allowed?

MEMORANDUM OPINION - 9

The petition was dismissed because the court found that there was a bone fide dispute between the alleged Debtor and each of the petitioning creditors over the validity of the creditor's claim. Specifically, the alleged Debtor asserted that, in each case, the claim was barred by the applicable statute of limitations. Code §303(b)(1)[3]; <u>Higgins, et al . v. Vortex Fishing Systems, Inc., (In re Vortex Fishing Systems, Inc.) (Vortex I)</u> , 277 F. 3d 1057, 1064 (9th Cir. 2001). The defense had been raised in prior cases, and the creditors cannot have been unaware of it at the time they filed their petition, much less by the time the matter was tried.

The involuntary petition was filed on December 22, 2004. Trial on the merits did not take place until June 13, 2005. A review of the record indicates that much of the delay is attributable to the petitioners:

Service of the summons was delayed for nearly three months because petitioners waited until February 21 to notify the court that the summons issued on December 22 had not been received. The summons issued on March 1 was served on March 14, without a copy of the petition, in violation of Fed. R. Bankr. P. 1010.

---

[3] (b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—
    (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute ....

The alleged Debtor filed a motion to quash, which was allowed. Service in the manner required by the Rules of Procedure was not accomplished until April 19, 2005, four months after the petition was filed. The delay caused by petitioners' conduct of the case after the petition was filed contributed significantly to Debtor's expenses in defending the petition and managing other matters related to the case.

While the petition proved to be lacking in legal merit, it cannot fairly be said that the petitioners acted unreasonably or out of any improper motive. Each of them lost a considerable amount of money without adequate explanation and their persistent – albeit untimely – pursuit of a remedy does not, by itself, lend much to the Debtor's case.

As the court noted in its previous opinion, Debtor's principal business has been the acquisition of other peoples' money with promises of extravagant returns and implausible tax benefits. *At the very least,* on this record, the Debtor can be found to have squandered, without excuse, the creditors' money on a ponzi scheme; at worst, debtor is itself such a scheme. Even the most charitable interpretation of the facts in this case leads to the conclusion that the Debtor's conduct towards its customers – or victims – has been unlawful, unjust and unconscionable.

MEMORANDUM OPINION - 11

Viewed in isolation, Debtor's conduct leading up to the petition might easily justify denial of fees, or any other equitable or discretionary relief. When weighed against petitioners' problematic prosecution of the case, Debtor's behavior is plainly the greater of two evils. However, more is required than a simple balancing of equities. As the Court of Appeals has found, Code §303(i) creates a presumption in favor of an award of attorneys fees to a debtor who successfully defends an involuntary petition for relief. The presumption approach advances the statute's purposes, which are to compensate those forced to defend improper or unfounded petitions, and to deter the filing of such petitions in the first place. As the Court of Appeals put it: "[The] presumption helps reinforce the idea that the filing of an involuntary petition should not be lightly undertaken" and "serve[s] to discourage inappropriate and frivolous filings." Vortex II, 379 F.3d at 706 (Internal citations and quotation marks omitted.) To deny fees because the debtor's misdeeds are found to be greater than the petitioners' undermines the statute by handing a free shot to creditors to file meritless petitions. If Congress had intended to authorize such penalty kicks, it would have done so explicitly.

The petitioner's lack of legal merit in light of a bona fide dispute to claims, and the delays in prosecution of the petition,

MEMORANDUM OPINION - 12

prevent rebuttal of the presumption that fees will be awarded, notwithstanding Debtor's pre-petition conduct.

IV. CONCLUSION

There is a rebuttable presumption that the alleged debtor, having successfully defended the involuntary petition, is entitled to an award of reasonable attorneys fees. The petitioning creditors have not overcome this presumption. The fees requested by the Debtor are not unreasonable. Judgment shall be awarded in favor of Karla Prescott, as trustee of Fountainhead Global Trust, in the sum of $15,657 against each of the petitioning creditors, jointly and severally.

This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law. Counsel for the alleged Debtor shall prepare a form of judgment consistent with this opinion.

FRANK R. ALLEY, III
Bankruptcy Judge